Thank you, Your Honor. Todd Mundell on behalf of the Appellants and Defendants, Sheraton Operating Corporation and Marriott International, Inc. I'd like to reserve three minutes for rebuttal. So the district court here held that the defendants waived their right to arbitrate because they supposedly actively litigated this case for 13 months before moving to compel arbitration. And that's just simply wrong. So I want to start by unpacking the 13-month period between when the complaint was filed... Before you get there, did the district court apply the wrong law? That is to say, he did apply California law as to what constitutes a waiver. But I think perhaps federal law should have been applied. That's absolutely correct, Your Honor. And we cited those cases. Why don't we just remand for application of federal law? Well, at the end of the day, I think this is a de novo review for this court anyway. And we would urge the court, I think, to... The worst case scenario for us is for the court to go back to the district court, have the district court sort of affirm its findings, because it had a misunderstanding of the facts here anyway. And then we end up having another delay from the appeal. And it sort of undermines the right to arbitration. We do think that that is... Are there any facts relevant to the federal test that are in dispute or lacking in this current record? I don't think there are any facts that are in dispute or evidence that is lacking other than the evidence that was not submitted, for example, on prejudice. There's no evidence of prejudice, but there's... Well, was there no evidence of prejudice submitted because we were applying California law and it was not a determinative factor? I don't think so, Your Honor. Again, the party submitted their briefs before the court. Is there a dispute as to whether the signature page that would have been the signature page for the arbitrate to the agreement to arbitrate was included in the personnel file? Was there a dispute over that? There's no evidence that the signature page that was in her file is not her signature, that was not attached, that it was not connected with this particular arbitration agreement. There's no... Is there a dispute as to whether or not the page was included in her file? There is not, Your Honor. There's no evidence that... We have a declaration that says it was in her file, and there's no evidence otherwise. They did make some rumblings in their initial opposition to the motion to compel. They made some sort of rumblings in those about, you know, maybe it wasn't... We haven't proven it enough or something. But the fact is the evidence was there. We submitted a declaration by the person who presented the arbitration agreement to Ms. Alvarez and put that signature page in her file. So there's no real dispute about that. But I acknowledge, Your Honor, I do think the district court applied the wrong test. I acknowledge that that would be a basis for reversal and remand. We also think that the facts here are undisputed and clear enough that this court should find that there was no waiver of the arbitration. And the reason for that is you look at the 13-month period of time between when the complaint was filed and when defendants moved to compel arbitration. During that time, there was a seven-month period of that time where the parties had informally agreed to stay any litigation so that they could attempt to resolve the dispute. And if you look at excerpts of record page 76, that's what even plaintiff's counsel acknowledges that seven-month informal stay of any litigation. And so during those seven months, there's no litigation whatsoever. There's no formal discovery. No motions are filed. There's no procedural wrangling. So you really boil this down to a six-month period of time where anything was dismissed. Well, the complaint was filed here in March 2020 on the eve of the global pandemic that sent both courts and parties, obviously, into a great deal of turmoil. Some amount of delay would be expected under those circumstances. Defendants were moved one month later. And then between April and July, the only litigation that happens is on a motion to dismiss. Defendants then answer in August. There's the seven-month period of stay. And then there's some limited discovery that happens in February and March. And it's during that limited discovery where the defendants connect the signature page that is in Ms. Alvarez's file to the broader arbitration agreement that covers Ms. Alvarez's claims. And they promptly notify the plaintiffs and then move to compel arbitration. Well, your client's asleep at the switch. Once your client finally wakes up, they're prompt. But they're asleep at the switch for quite a long time. Well, the litigation was not in such a position to focus their attention on the forum, really. Again, there was seven months of this period of time where they were looking to resolve both this and a related case that had been filed in San Diego. And there was some negotiations about how to possibly mediate that. Again, that's in the record in terms of a seven-month period of informal stay. So it's, I guess, unsurprising that the parties in this circumstance hadn't focused in on whether or not this would be an arbitrable dispute until they dig into the discovery and say, OK, wait, here's an arbitration agreement. Let's get this in the proper forum. So it's certainly not a case, as it's been characterized, where the defendants sort of slept on the rights for more than a year and manipulated the system. And the case progressed deep into litigation, only to spring a motion to compel on the eve of trial. That's simply not what happened. This case is very much in its infancy still. And I do think that timeline helps explain why the defendants hadn't connected those dots. Because you just didn't have a lot of litigation that focused the broader arbitration agreement. And again, I understand the district court expressed some skepticism about whether defendants really knew about this arbitration agreement before they filed their motion to compel. But defendants had literally nothing to gain by delaying arbitration in favor of litigating in court. The arbitration agreement here is silent on class actions, which means that the arbitration would have to be done on an individual basis. No rational defendant would choose to litigate a class action in federal court over arbitrating a single plaintiff's individual claim for a neutral arbitrator. So this court, and I think the district court, was wrong to express that skepticism about whether defendants knew about this arbitration agreement before they filed the motion to compel arbitration in April. In addition to showing that defendants had knowledge of their right to arbitrate, waiver requires the defendants to have engaged in acts that were inconsistent with that right to arbitrate. And here, Ms. Alvarez really focuses in on two acts, and that's the defendant's filing of a motion to dismiss and the supposed discovery that's been done. And on the motion to dismiss, I think it's important to note the plaintiff didn't even oppose most of the motion to dismiss on the merits. If you look at the district court's order on that the district court notes that Alvarez did not dispute that her hours worked claim was time barred. She conceded her wage statement claim was time barred to the extent she sought penalties, and she failed the dispute that she didn't have standing to seek injunctively. So most of the defendant's motion there was really a way to clean up the scope of the plaintiff's pleadings so that the case could proceed forward on appropriate claims. And the filing of that motion to dismiss at the very outset of the case when defendants were not even aware of Ms. Alvarez's arbitration agreement should not be considered conduct inconsistent with the right. Now you say defendants were not even aware. The defendants did have the personnel file? They did have the personnel file with the with the... And they had the signature page, and it was a signature page to a form that defendants had themselves supplied? They had, your honor, and plaintiffs obviously had. In other words, maybe they didn't know, but they sure should have known. I mean, everything was in their possession. They finally figured it out, but it takes them a while. They didn't connect the dots for a while. That's again, you have a file that has a signature page for an arbitration agreement. It was, for whatever reason, as defense counsel has explained, it looked like that was connected with the collective bargaining agreement. There's some language in it that references something about collective bargaining. And so they thought that that was a signature page that referenced arbitration from a collective bargaining agreement that wouldn't have applied in this case. So they didn't connect it to the actual arbitration agreement that did apply until, you know, the discovery was actually done, and they actually had to dig into this particular file to determine. And again, there's not a lot that has happened in this case before they did that. It wasn't like this case was actively litigated for 13 months before they finally did it. It was upon doing their first amount of discovery that they were able to connect those dots. And I'll note that the discovery portion, that's not really actively litigating here either, because this court has held that a party does not actively litigate or does not waive the right to arbitrate by participating in discovery that would be available in arbitration anyway. Here, plaintiff propounded some limited discovery, but defendants limited their responses to plaintiff's individual claims. That's undisputed. Sheraton also propounded some discovery, but it was all the sort that would be available in arbitration or was relevant to the non-arbitrable PAGA claims. And so, and by the way, plaintiff responded to that discovery almost entirely with objections. There's really not any substantive discovery that's even been done yet. And Marriott didn't serve any discovery at all. So there's been no depositions taken. There's been very little discovery overall, nothing that wouldn't be usable and available in arbitration. I do want to touch on prejudice because I think this is an important thing too. And I know I've reserved three minutes. I'm running a little bit out of time, but this court has consistently held that to establish waiver, the plaintiff must show that she was prejudiced. And there's zero evidence here that Ms. Alvarez suffered any prejudice by the limited litigation that has occurred so far. To prove prejudice, she must show that she incurred some costs in litigation that would not have been incurred in the arbitration or the defendants obtained some advantage during the litigation. Here, Ms. Alvarez didn't submit any evidence of any such prejudice. No declaration from her, no declaration from counsel, nothing that would... Is prejudice relevant to the California test? I don't remember that, Your Honor. I haven't looked because the federal test is the one applied and that's what I've focused on. Well, no, the California test was the one that was applied. And so what I'm asking is, if prejudice was not relevant to the California test, but is relevant to the federal test, and you're saying, well, no evidence of prejudice has been introduced, that suggests that maybe there should be a chance to introduce that evidence on remand, if that's going to be relevant evidence. No, Your Honor. I'm looking at it now and the Cox case that's cited by the... In the district court's order, the fifth element is whether the delay affected, misled or prejudiced the opposing party. So prejudice is still even under the California test, a relevant factor here. And so the lack of prejudice would be... You know, it's still relevant under either test and there's really no evidence of it here. And by the way, nor could there be. I mean, there just hasn't been enough happened that would not be available in litigation. The motion to dismiss limited claims in a way that plaintiff effectively conceded needed to be limited. And the discovery that's been done is a discovery that will be available in arbitration. So there's really not any prejudice here. And I guess with that, I'll save my time. Okay. Let's hear from the other side and you will have saved some time. Mr. Ellingham? You're muted. We got to hear you. My apologies. You're muted. My apologies. May I please call on behalf of Appali Daisy Alvarez? Good morning, your honors. There's a few things that I do want to talk about. Firstly, the standard of review here, de novo review of questions of waiver only apply when the facts are undisputed. Here, the key question is whether the appellants had knowledge of an existing right. Counsel for appellants are saying that they did not have knowledge. It is clear that we are opposing that. We are saying that there was knowledge. The district court has said that he interprets there is knowledge. We are not in defendant's heads and it's not within case law or our obligation to assume what their thought process was. There's clear cut evidence that they issued these arbitration agreements to their employees, had them sign it. How are they arguing they did not have knowledge in the first place? Can I ask a foundation question? I think I know the answer, but I want to make sure we're on the same page. The district court applied the California standard. Are you agreeing that the district court applied the wrong standard and it should have been the federal standard? I believe it should have been the California standard. We're not on the same page. That's another disputed fact as well. That's not a factual question. That's a legal question. Assume for the moment that the district judge did apply the wrong standard and it's the federal standard. My question to you is, why shouldn't we decide that question under the federal standard on the first instance? I believe, your honor, that the appellant is arguing and misconstrues the ARB agreement saying that it requires the application of the FAA instead of California law in determining whether a waiver occurred. Here, appellants omit that the FAA and the arbitration agreement only implies to interpreting the agreement itself any actual arbitration resulting from the agreement and review of any such award. It's silent as to anything else and therefore the California or at least the district court... You didn't answer my question. My question is, assume that the federal standard applies. I understand that you didn't disagree with that point, but assume for the purposes of my question and your answer that the federal standard applies. Should we decide that question ourselves or should we send it back to the district court to decide in the first instance? I believe it would be remanded to the district court if that was the case, your honor, but I also believe that the same result... Give me a reason why we should not decide it ourselves. Whether the California and the federal standard applies? No, assume that the federal standard applies and the question is whether we should apply the federal standard in the first instance or whether we should remand it to the district court to decide it in the first instance. Your honor, I apologize. That's not before me. However, my interpretation of the federal standard... Yes, it is. That is before you. That's exactly the question I'm posing to you because I have to say that I'm, for my own purposes, quite convinced that the federal standard is the appropriate standard and I'm trying to figure out for my own purposes. I've not consulted with my colleagues on this point, but I'm trying to figure out, assuming that the  applies, whether we should decide the case ourselves or whether we should send it back to the district court in the first instance. I'll chime in, Judge Fletcher, and say I am of a similar mindset, so that's at least two of us who might think that, so go ahead. Your honor, I do believe the California standard applies, but if the federal standard did apply, it could be ruled here. I think it would be more appropriate for it to be remanded to the district court, and the reason why I think it would be more appropriate is for the district court to rule on that issue in and of itself because this is not a de novo standard. Can you make an argument that you would win if this court applies the federal standard? I mean, I think maybe that's what Judge Fletcher is asking you to do here. I believe the main factors here are the same. The prejudice, whether there's knowledge of an existing right to compel arbitration and acts inconsistent with that existing right. I think the main things of the federal factor test are similar. And federal standards are a little stricter, a little harder for you to satisfy the federal standard. I apologize. I don't have the federal standard before me to go over them, your honor. However, if I may, your honor, to continue, I didn't as much prepare for the federal standard analysis because that's not how it was ruled. It didn't seem like there was argument by the appellant on that issue other than a one-liner that says he doesn't believe that it should apply here. With regard to the rest of the matter on the California standard, it's clear that the Martin v. Suda case rules here where knowledge of an existing right to the party opposing arbitration resulting from such an inconsistent act. Now, counsel argues that it has to be intentional or rational for them to go that route. There's nothing in the standard that requires anything to be intentional or rational. Intent or rational basis are not factors here. This would give reprieve for bad litigation tactics to counsel or defendants to try and do multiple things. For example, when counsel says there's no rational explanation for a party to pursue that route, that's not accurate. There's another matter in San Diego that's being litigated here that has class claims, and counsel or defendant may have believed that if they tried to get rid of these claims in this action here, they might have been able to get it resolved for less, maybe a reverse auction of some sort or some factual basis that maybe the district court judge would have been more conducive to resolving the claims or getting rid of the claims. If the class claims exist, a defendant can assume that there will be another lawsuit filed, and maybe this lawsuit would have got rid of it through a settlement and class claims. If they are confident the class claims will be disposed of, all the individual claims are better suited in district court rather than arbitration, which they would potentially have to file the motion to dismiss all of the class claims in this action. Again, and that's the prejudice sustained in this action, Your Honor. If defendant is filing a motion to dismiss the class claims, that is the prejudice that was sustained by the plaintiff in this matter because we had to expend costs and efforts in litigation, and under the Martin v. Seuss standard, it makes it clear there's about seven different actions that were done on this matter. There was a 13-month delay, and in that 13-month delay, there was... Help me out on the prejudice question in the sense of class. Obviously, one of the reasons you don't want to go to arbitration, in fact, maybe the reason you don't want to go to arbitration is you couldn't litigate this on a class basis. What work did you perform on behalf of your client that went to the class question? The class question, which would have been entirely irrelevant if you're going to arbitration. The problem is that the basis for which it would have been irrelevant is the reason why the prejudice was sustained. Assuming that was the case and it would have been irrelevant, there's all of this work has been done, all these efforts have been done, meaning confer processes. Please understand my question. I'm asking you, what work did you do relevant to the class question? There was settlement attempts, Your Honor. There was settlement attempts, there was discovery conducted, there was an answer, there was a motion to dismiss of the class claims, there was a removal to the federal court, a 13-month delay, there was a motion to strike the class allegations as well. All of these instances, whether they are particular with the class or particular with the individual claims, these were the actions that were conducted that went forward. You've got to keep in mind that there's also the individual claims that were waived that would have gone to an arbitration. It's not just the class claims, it's the individual claims as well. This is creating a slippery slope for all cases where a defendant could sleep on their right to compel arbitration, whether it's a class claim or not. Mind you, intentionality or rationality is not a basis on the standard. What would happen is that anybody could claim that they had no knowledge of an arbitration agreement and hold it in their pocket. Down the road, on the verge of a trial or before a bunch of discovery ensued or major motions or anything like that, realize that this is not their form. Then they submit the arbitration agreement and say, we just found this arbitration agreement and we want to compel it to arbitration. We know that they didn't just all of a sudden get knowledge of this arbitration agreement because their own declarations state that they knew about the arbitration agreement. They testified that they were there and they provided the arbitration agreement to our client. That's Evelyn Tanaleat's declaration in support of Appellant's motion. She testified in 2016 that in fact she distributed the arbitration agreement to the appellee. She testifies that she discussed the arbitration agreement with her in 2016 and that she signed the agreement and that she retained the signature page for Appellant's in their records at that time. How are they arguing they had no knowledge of it? Well, who's they? The attorneys had no organization has knowledge. But are we putting the standard to the attorneys or are we putting the standard to the defendants? It's the defendant's obligation to have that knowledge. It's the standard goes to the defendant if the defendant had knowledge, not whether or not the defendant made the attorneys aware of that or whether or not the attorneys did their due diligence or reasonably searched in their records or asked the appropriate questions to determine if there was a valid arbitration agreement. So, if they slept on this, that's not the standard here. The standard here is knowledge of an existing right to compel, which the defendants had, acts inconsistent with that right, which had they had the right, they would have compelled it right away and anything they did after that were acts inconsistent with that right. The motion to dismiss, the removal, all of those actions were inconsistent with their right to compel arbitration, which they should have done at the very beginning of this case. Everything thereafter was a cost and effort that was unnecessary, that prejudiced our client and the attorneys because they had to expend efforts and costs litigating all of those things when it would have been an arbitration. Now, I don't know what the rational basis was behind appellants to do this, but they might have thought that the district court would have dismissed the class claims. They might have thought they could have gotten an early settlement by meeting and cheap that would have disposed of all of the other class claims and the other San Diego action or any other action that may arise that they were aware of. That's not our obligation or the court's obligation to decipher what that rational basis would have or could have been. This is, you know, defense counsel and defendants do things strategically for their own reasons. They may not make sense for other people. To me, it makes sense if they could get out of this case and settle it early on for something extremely cheap and dispose of all of these potentially bad claims for the defendant that another attorney or maybe it was a better attorney or maybe it was a bigger claim and whatever and they could do a 1542 waiver for the entire claims. Maybe that was their basis. It's not our obligation to figure that out. All we know is what's in front of us and they knew of the existing agreement. They had done a bunch of things when they could have easily just presented the arbitration agreement and compelled it at the state court level before this was removed. What they had knowledge is clear and then the prejudice that was suffered is everything that happened after that your honor a 13-month delay. COVID didn't affect us from meeting and conferring and doing what we needed to do. They wanted to stay. We didn't do it. It's for us. That was to engage in meaningful for us to settle the class claims. Now, why would they want to settle the class claims with us if they knew about some sort of arbitration agreement which Evelyn Tanglin, who is the defendant, is an agent for the defendant was fully aware not only just this person but every employee presumably was given this arbitration agreement. If they know that these arbitration agreements are being given out to their employees, how did they not have knowledge? That makes no sense. That's an absurd result if at the end of the day somebody could say we had no idea that that we had arbitration valid arbitration agreements when they give it to every single one of their employees and they admit that they gave it to this one. So, the prejudice does exist your honor. The acts inconsistent with that exact existing right does exist and they clearly had knowledge here. I believe those issues are consistent with both the federal and California standard and I do believe that the California standard does apply because if you read the arbitration agreement, it says nothing about whether or not the FAA applies specifically to this context. You've come to the end of your time. If you have something you want to say in summation, but you're out of time. Okay, no problem, your honor. Okay, thanks very much. Response. You're muted. Thank you, your honor. I'm sorry. I want to start with that knowledge question because I think it's important here that when there's been a change of ownership in the hotel since Miss Alvarez was first hired. Miss Tangle it at the time she signed her she was not at that time even working for the hotel. She worked there from July 2015. So, it covered the period of time where Miss Alvarez was hired until October 2020, but the point is I get that there is an arbitration agreement. It's signed by both Miss Alvarez who therefore has knowledge and by the hotel. So, in some sense, we did sign the arbitration agreement. Somebody in the organization knew, maybe the organization knew. And you have to find that person within the organization for the company itself to have knowledge of the right to arbitrate. And so, it's understandable why in these circumstances that didn't happen until later. And that's my primary point on that. But knowledge is not the only element. My problem here, as I signaled at the very beginning, is not whether or not the federal or the state standard applies. I'm quite convinced that the question is whether or not there's enough complexity here, enough things that may be in dispute or may be weighed differently, that we should send it back. Sure. And you say we shouldn't send it back. Why? Because I don't think there is enough in dispute here. I think that there is, you know, you asked the council the question about, for example, you know, what work was done on class. There's no evidence that there was any work done on class questions that wouldn't have Well, wait a minute. I've just been told that the settlement discussions had to do with whether or not the class claims were going to be settled. Is that wrong? So, no, there is some discussion of class settlement or that there's discussion that the things were paused in order to reach some global resolution. But that can't be settled. And I'm not asking you to give me confidential details about the settlement discussions. But I am asking you, well, were the settlement discussions aimed in any way at class claims? Because as soon as somebody is starting to talk about class claims, you're spending work, spending time, spending argument on something that's totally irrelevant if it goes to arbitration. But it's not an act in litigation. And that's important because your honor, it is not inconsistent with the right. No, I'm asking. I'm asking now about prejudice. And if there's a fair amount of work done to something that would be totally irrelevant if it goes to arbitration, that sounds as though that was money and time expended that would not otherwise have been spent. And is there some dispute as to how much time would have been spent on matters having to do with the class that otherwise might not have been spent had it gone directly to arbitration? I don't think there's really a dispute about that, your honor. And again, let me clear what I mean. So wait a minute, say there's no dispute. He says there was real time on it or not. I believe there was some time spent on how much settlement. But would you and your adversary agree on how much time was spent on discussions? There's no evidence of how much time was spent in this record. But let me let me clear. So there might be something that should be fleshed out in the district court. Well, they had their opportunity to oppose our motion. I'm not sure why you would have more fleshing out to do. They filed their opposition. They filed what they thought was relevant and it's not included. Now, I will say I do want to make a point that it is not inconsistent with the right to arbitrate to say to a plaintiff, you have filed class action. We understand you are you are claiming that our policies affected more than just this plaintiff. We we could send this to individual arbitration, but let's pause everything and see if can negotiate some larger resolution of the case. And the work that would be done in that regard is not litigation work. It's not work that would be inconsistent. Are you asking me to believe that if you had a valid arbitration agreement and you knew about it, you would nonetheless engage in settlement discussions with respect to a class action instead of simply moving to compel arbitration? That's totally fanciful. Well, I guess I disagree with that, your honor. And the reason is because we know we could maybe resolve this individual plaintiff's claim, but plaintiff's counsel is going to have the next plaintiff come along and the next plaintiff come along and the next plaintiff come along. And if we could reach some sort of resolution of the whole that was on some terms that were amenable to both sides, that's that's certainly not inconsistent with the right to individual arbitration. We we don't want these sorts of cases to go on and on and on and on. We it certainly is in the interest of defendants to be able to, if possible, on amenable terms to be able to negotiate some resolution, even if we have the right to individual arbitration. Those things are just simply not inconsistent, your honor. Okay. Any further questions from the bench? Okay. Thank you very much. Thank both sides for their arguments. The case of Alvarez versus Sheraton Operating Corporation now submitted for decision and that completes our argument for this morning. We are now in adjournment. Thank you very much.
judges: FLETCHER, RAWLINSON, OWENS